IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Bureau of Consumer Financial Protection, </br></br> Plaintiff, </br></br> vs. </br></br> Townstone Financial, Inc. and Barry Sturner </br></br> Defendants. | Case No. 1:20-cv-04176 |

**DEFENDANTS' COMBINED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Townstone Financial, Inc. ("Townstone") and Barry Sturner ("Sturner"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Court to dismiss the amended complaint (the "Amended Complaint") filed by Plaintiff, Bureau of Consumer Financial Protection (the "Bureau"). The grounds for this Motion are further set forth in the Memorandum of Law in Support of Defendants' Combined Motion to Dismiss ("Memorandum"), which is filed contemporaneously herewith. As further explained in the Memorandum:

1. The Amended Complaint fails because contrary to the express language used in the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, the Bureau and ECOA's implementing Regulation B, 12 C.F.R. § 1002.4(b), improperly seek to:

   a. expand the reach of ECOA to reach "prospective applicants";

   b. regulate "discouraging" behavior before a "credit transaction" even exists, and;

   c. create affirmative advertising and hiring requirements, which cannot be squared with the unambiguous language of the statute.

2. Even if such an expansion is appropriate under the statutory scheme, Regulation B

and the Bureau's interpretation thereof runs contrary to the First Amendment of the United States Constitution because the Bureau seeks to regulate the content and viewpoint of protected speech and does so in a way that is unconstitutionally overbroad and vague, both as applied to Townstone and facially.

3. Similarly, Regulation B and the interpretation thereof are also unconstitutionally vague in violation of the Fifth Amendment's due process clause, both as applied to Townstone and facially.

4. Finally, the derivative claim against Townstone's owner, Barry Sturner should also be dismissed because that claim only becomes relevant if the Bureau succeeds on its claims against Townstone, which for reasons articulated herein, it cannot.

WHEREFORE, for the foregoing reasons and the reasons set forth in their Memorandum, Defendants Townstone Financial, Inc. and Barry Sturner respectfully request this Court to dismiss the Bureau of Consumer Financial Protection's Amended Complaint with prejudice and for all other relief just and proper in the premises.

Respectfully submitted,

*/s/ Sean P. Burke*
Sean P. Burke #6277203
E. Brenda Kpotufe #34084-49
Mattingly Burke Cohen & Biederman LLP
155 E. Market St., Suite 400
Indianapolis, IN 46204
Sean.Burke@mbcblaw.com
Brenda.Kpotufe@mbcblaw.com

Marx Sterbcow
Sterbcow Law Group
824 Elmwood Park Blvd #205
New Orleans, LA 70123
marx@sterbcowlaw.com

*Attorneys for Defendant Townstone Financial, Inc. and Barry Sturner*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 8, 2021 a copy of the foregoing was filed electronically. Service of this filing was also made by operation of the Court's CM/ECF system:

Barry Reiferson
Vincent Herman
Michael G. Salemi
Mary E. Olson
Bureau of Consumer Financial Protection
230 S. Dearborn St., Suite 1590
Chicago, IL 60604

And

1700 G Street, NW
Washington, DC 20552

                                              */s/ Sean P. Burke*
                                              Sean P. Burke