IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) ) ) | Case No. 1:20-cv-04176 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Judge Franklin U. Valderrama<br>Magistrate Judge Gabriel A. Fuentes |
| Townstone Financial, Inc., et al., | ) ) ) | |
| Defendants. | ) | |

**OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants' Motion to Stay Discovery has not established that the relevant factors support issuance of a stay here, especially considering that Defendants have already benefitted from an almost two-year period with no discovery obligations. Any further delays will also cause harm and undue prejudice, including the increased difficulty of obtaining effective equitable relief aimed at both obtaining remediation for the harmed public and prohibiting Defendants from further unlawful conduct.

**BACKGROUND**

The Bureau of Consumer Financial Protection (Bureau) filed its initial complaint in July 2020.[1] The Bureau alleged that Townstone Financial, Inc. (Townstone), which was and is involved in the mortgage business in and around Chicago, violated the Equal Credit Opportunity Act (ECOA)[2] and its implementing regulation, Regulation B,[3] and the Consumer Financial

---

[1] Compl., ECF No. 1.
[2] 15 U.S.C. §§ 1691–1691f.
[3] 12 C.F.R. §§ 1002.1–16 (2022).

Protection Act of 2010,[4] by engaging in conduct that would unlawfully discourage prospective applicants, on the basis of race, from applying for credit.[5]

The Bureau filed an amended complaint in November 2020, alleging the same causes of action while also adding a fraudulent transfer count against Townstone's owner.[6] The amended complaint, like the initial complaint, alleged that Townstone engaged in conduct that would discourage prospective applicants from applying for credit on the basis of race through discriminatory, race-based statements in its podcasts and radio shows from at least 2014 through 2017, and by its general business practices.[7] Considered together, the Bureau alleged that Townstone conducted its business in such a way that it "[met] the credit needs of majority-white neighborhoods in the Chicago MSA while avoiding the credit needs of majority-African-American neighborhoods."[8] The Bureau sought declaratory relief, injunctive relief meant both to remedy the harm caused by Townstone's conduct and to prevent future unlawful practices, and other damages.[9]

Defendants filed their Motion to Dismiss on February 8, 2021. The Bureau filed its Opposition on March 15, 2021, and Defendants filed their Reply on April 12, 2021. Due to myriad issues, including extensive settlement negotiations, the parties did not submit their Federal Rule of Civil Procedure 26(f) Report until April 22, 2022, nearly two years after the Bureau filed its initial complaint and over a year after the motion to dismiss was fully briefed. On April 26, 2022, the Magistrate Judge assigned to this matter, the Hon. Gabriel Fuentes, entered a scheduling order requiring fact discovery to be completed by no later than December

---

[4] 12 U.S.C. § 5536(a)(1)(A).
[5] Compl. ¶ 5.
[6] Am. Compl. ¶¶ 62–78, ECF No. 27.
[7] Am. Compl. ¶¶ 22–52.
[8] Am. Compl. ¶ 14.
[9] Am. Compl. ¶¶ 17–18.

23, 2022, with expert discovery to be completed by May 5, 2023.[10] In that same entry, Judge Fuentes expressed an anticipation that the matter would move forward expeditiously: "[N]ow that settlement is not in the offing, the parties have opted for the litigation train, and it is moving, and it will pick up speed."[11] On August 10, 2022, the Court heard oral argument on Defendants' Motion to Dismiss.

Both before and after oral argument, the parties engaged in discovery: exchanging written requests; producing documents; engaging in several meet-and-confers; and generally moving the case forward. Now, almost five months after discovery was opened and just three months ahead of the end of fact discovery, Defendants filed the instant motion to halt that progress.

## ARGUMENT

This Court, unlike others, has not issued a local rule imposing a stay whenever a dispositive motion is filed,[12] giving weight instead to the "general rule that the mere filing of a motion to dismiss does not automatically stay discovery."[13] Accordingly, for the Court to impose a discovery stay, Defendants must carry their burden of showing that good cause exists for a stay based on one of the reasons identified in the Rules as warranting issuance of a protective order— to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[14] Courts have recognized certain non-binding, non-exhaustive "guideposts" to consider when making this determination, including "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and

---

[10] Minute Entry Apr. 26, 2022, ECF No. 64.
[11] *Id.*
[12] *See Bilal v. Wolf*, No. 06-c-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007).
[13] *Liggins v. Reicks*, 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021).
[14] *Robinson v. Walgreen Co.*, No. 20-cv- 50288, 2021 WL 2453069, at *1 (N.D. Ill. June 16, 2021) (quoting Fed. R. Civ. P. 26(c)(1)).

(iii) whether a stay will reduce the burden of litigation on the parties and on the court."[15] While granting a stay can be appropriate, courts have noted that stay motions are disfavored "because they bring resolution of the dispute to a standstill."[16] A consideration of all of the relevant factors shows that a stay is not warranted here and that discovery should continue.

I.   **The recognized guideposts weigh against a stay.**

The first guidepost—whether a stay will unduly prejudice or tactically disadvantage the non-moving party—weighs against a stay, as further delays will unfairly prejudice the Bureau and the public. As part of the relief sought in this action, the Bureau requests that the Court enjoin Townstone from engaging in unlawful conduct and order Townstone to remedy past harms. A stay of discovery would necessitate a delay of the remaining dates in the scheduling order and the Court's ultimate resolution of the merits and thereby delay potential remediation to the harmed public.[17] Harm will likely become more difficult to remedy with the passage of time, and here, Defendants have already benefitted from the significant delay between the complaint being filed and the parties' Rule 26(f) report.[18] And further delays might also affect witness memories and witness availability, particularly given that the specific allegations in the complaint range as far back as 2014. That can only redound to Defendants' benefit as knowledgeable witnesses begin to lose their memories of Defendants' conduct due solely to the passage of time.

---

[15] *Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-cv-06715, 2020 WL 8254382, at *1–2 (N.D. Ill. July 30, 2020) (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).
[16] *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys*, No. 12-c-1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013).
[17] *See, e.g.*, *Rodriguez v. Ford Motor Co.*, No. 21-c-2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (finding a stay warranted in part because a plaintiff was not seeking "immediate injunctive relief").
[18] *See, e.g.*, *Robinson*, 2021 WL 2453069, at *2 (denying motion to stay in part because the defendant "already benefitted" from a previous discovery stay).

The other guideposts, similarly, do not support Defendants' position. Defendants claim that a ruling on the pending motion to dismiss will simplify issues and reduce litigation burdens because, for example, discovery "will be very time consuming."[19] But Defendants have not supported this conclusory allegation with any details regarding how a ruling on the motion could streamline issues or the actual extent of resources that will be preserved by the Court staying discovery.[20] Defendants' vague statements and broad declarations about discovery being resource intensive or issues being streamlined, "without any substantiation, do[] not establish good cause for staying discovery."[21]

Defendants' vague arguments are particularly unpersuasive given the amount of time that has already passed. Defendants waited almost five months after entry of the scheduling order before bringing this motion. During that period, the Bureau has been expeditiously moving the case forward through discovery, and there is no good cause to stop that progress now.

**II.     Defendants' motion to dismiss and pre-litigation expenditures do not warrant a stay.**

Defendants appear to base the bulk of their argument on the unsupported proposition that discovery should always be stayed pending the resolution of a motion to dismiss if the motion raises a purely legal issue.[22] Defendants are wrong. "The mere filing of a motion to dismiss does not ordinarily entitle a defendant to a stay of discovery."[23] While Defendants further contend that

---

[19] Def. Mem. 5, ECF No. 78.
[20] Def. Mem. 5–8.
[21] *Harper v. Cent. Wire, Inc.*, No. 19-cv-50287, 2020 WL 5230746, at *4 (N.D. Ill. Sept. 2, 2020); *see also Robinson*, 2021 WL 2453069, at *2 (denying motion to stay in part because "Defendant has not provided any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden").
[22] Def. Mem. 4–8.
[23] *Witz*, 2020 WL 8254382, at *1–2; *see also Harper*, 2020 WL 5230746 at *2 (finding stay not warranted solely because discovery could ultimately be unnecessary "because this is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion

additional discovery here may involve some motion practice,[24] that is an inherent aspect of civil litigation that should not change the presumption and entitle Defendants to a stay. Finding otherwise would encourage litigants to contrive discovery disputes where disagreements could be resolved without judicial intervention.

Defendants also argue that a stay is warranted because, not only have they filed a motion to dismiss, but they have already spent "many thousands [of dollars]" during the investigation preceding the lawsuit.[25] Notably, they have cited no authority for the remarkable and unfounded proposition that, where a governmental-enforcement agency conducts a pre-suit investigation, courts should be more likely to stay discovery once a suit is filed.

Much of the authority that Defendants rely on in support of their motion to stay involves qualified-immunity defenses and antitrust allegations, both areas where courts have found that defendants are entitled to special discovery protections that do not apply here.[26] Defendants also summarily cite to and quote from some cases from other fields, but those cases stand for the general and unremarkable proposition that stays can be appropriate where, among other things, extensive litigation resources will be preserved.[27] Those high-level holdings have no application

---

to dismiss would allow the exception to swallow the rule") (internal citation omitted).
[24] Def. Mem. 7.
[25] Def. Mem. 5.
[26] *Landstrom v. Illinois Dep't of Child. & Fam. Servs.*, 892 F.2d 670 (7th Cir. 1990) (qualified immunity); *Liggins v. Reicks*, No. 3:19-cv-50303, 2021 WL 2853359 at *3 (N.D. Ill. July 8, 2021) (noting the "preference toward staying discovery pending a resolution of qualified immunity at the earliest stage in litigation); *Bilal*, 2007 WL 1687253 (qualified immunity); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (antitrust); *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (identifying that courts are to "be particularly mindful of the course of discovery it will authorize in antitrust cases").
[27] *See Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993); *Sadler v. Retail Props.*, No. 12-c-5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013); *Cemail v. Viking Dodge, Inc.*, No. 97-c-908, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, No. 07-cv-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008).

here, where Defendants have not shown how they will be specifically harmed by discovery proceeding and where Defendants waited until discovery was well underway and the parties had made progress in the case before seeking to stop that progress.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully requests that Defendants' Motion to Stay Discovery be denied.

Respectfully submitted,

/s/ Jacob A. Schunk
JACOB A. SCHUNK (IA AT001908)
Email: jacob.schunk@cfpb.gov
Telephone: (202) 718-0394
GREGORY W. JONES (IL ARDC #6313157)
Email: gregory.jones@cfpb.gov
MARY OLSON (IL ARDC #6297334)
Email: mary.olson@cfpb.gov

230 S. Dearborn St., Suite 1590
Chicago, IL 60604

and

1700 G Street, NW
Washington, DC 20552

Attorneys for the Bureau of Consumer Financial Protection

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 11, 2022, I electronically filed the foregoing document with the Clerk of Court via the CM/ECF system, which will cause a copy to be served on counsel of record.

/s/ Jacob A. Schunk
JACOB A. SCHUNK