# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU,** | Civil Action No. 1:20-cv-04176 |
| Plaintiff, | Judge Franklin U. Valderrama |
| v. | Magistrate Judge Gabriel A. Fuentes |
| **TOWNSTONE FINANCIAL, INC., et al.,** | |
| Defendants. | |

**DEFENDANT STURNER'S INITIAL RESPONSES AND OBJECTIONS TO PLAINTIFF CFPB'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Defendant Barry Sturner, pursuant to Fed. R. Civ. P. 26 and 34, makes the following objections and provides the following initial responses to the First Set of Requests for Production to Barry Sturner served by Plaintiff CFPB.

**PRELIMINARY STATEMENT**

Defendant Barry Sturner has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. Defendant's objections herein are based upon information and documents currently known to Defendant. Further discovery, independent investigation, legal research, and analysis may supply additional facts and lead to additions, changes, and variations from the answers herein.

The following objections are given without prejudice to the right to produce evidence or witnesses that Defendant may later discover. Defendant accordingly reserves the right to change any and all objections herein as additional facts are ascertained, witnesses are identified, and legal research is completed. The objections contained herein are made in good faith and in an

1

effort to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Defendant in relation to further discovery and proceedings. Defendant does not waive, and expressly reserves, its right to object to the relevance and admissibility of any document or other evidence for use at trial.

## GENERAL OBJECTIONS

1.    Defendant objects to the Requests for Production to the extent that they seek information unreasonably cumulative or duplicative of the information produced during CFPB's three-year investigation of Townstone, which included the production of over 100 GB of documents and other electronically stored information, responses to written interrogatories, and sworn testimony from Townstone's CEO and two loan officers.

2.    Defendant objects to the Requests for Production to the extent that the Definitions attempt to impose upon Defendant obligations greater than those required by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

3.    Defendant objects to the Requests for Production to the extent that they call for production of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. Defendant does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected documents or information that may occur, and reserves the right to seek the return of any such material inadvertently produced to Plaintiff.

4.    Defendant objects to the Requests for Production to the extent they seek information outside the time frame that is relevant and proportional to the needs of the case. CFPB is seeking information that covers over an 11-year period of time (2011 to the present) when CFPB's amended complaint is based on five unrelated statements on a radio show and podcast

made during a four-year period of time (2014-2017). Two statements were made outside the statute of limitations, and the next statement alleged in the Amended complaint did not occur until June 2016. CFPB already conducted a three-year investigation of Townstone which covered the same time period in which the radio and podcast statements occurred (January 1, 2014 through June 8, 2017). Townstone cooperated fully in that investigation, produced over 100 GB of information, answered interrogatories, and produced several employees, including Defendant for detailed, under-oath interviews, all at great expense to Townstone. CFPB now seeks largely the same information in its discovery requests that it sought and obtained during its investigation but from a broader period of time. In light of the CFPB's extensive investigation, the limited time period in which the allegedly incriminating radio show comments occurred, and the tremendous cost and burden on Defendant of both the investigation and this lawsuit, the Requests for Production are far broader than necessary to capture documents and information relevant to CFPB's claims and proportional to the needs of the case.

5. Defendant objects to the Requests for Production to the extent they seek information which, if produced, would chill or otherwise violate Defendant's rights under the First Amendment or the rights of anyone with whom he communicated.

6. Defendant objects to the Requests for Production to the extent that they seek personal and confidential non-business documents as such information is neither relevant to any party's claim or defense, nor proportional to the needs of the case.

7. Defendant objects to the Requests for Production to the extent that they are vague, ambiguous, overbroad, or unduly burdensome.

8. Defendant objects to the Requests for Production to the extent that they require Defendant to analyze or organize factual evidence for Plaintiff.

9. Defendant objects to the Requests for Production to the extent that they seek information or documents that Defendant has already provided to Plaintiff.

10. Each of the above-listed General Objections is incorporated hereby by reference to each specific response and objection set forth below. The Specific Responses and Objections set forth below are made without waiving any of the above-listed General Responses and General Objections.

## RESPONSES AND SPECIFIC OBJECTIONS

1. Produce all Documents, including all emails, chats, and text messages, referencing any ethnic, gender, religious, racial, or group-based slur or making any generalization, differentiation, or stereotyping, or referring to any generalization, differentiation, or stereotyping, based on race, color, religion, national origin, sex, marital status, or age.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential non-business documents, as such documents have no bearing on any party's claim or defense. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Among other problems with this request, what constitutes a "slur" or "stereotyping" based on the listed categories is context-based, subjective, and varies greatly based on the perspective, ideology, age, and background of the person making the relevant judgment. Additionally, "generalization" and "differentiation" are vast categories that cover most of human speech and are therefore overbroad and vague. Defendant objects to this request to the extent that it seeks information which, if produced, would chill or otherwise violate the First Amendment rights of Defendant or anyone with whom he communicated.

4

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged business-related documents from 2014-2017 as part of its rolling production.

2. All Documents referring to Mexicans or Canadians.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential non-business documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Defendant specifically objects that "referring to Mexicans or Canadians" is vague for many of the same reasons stated in the objection to Request number 1. Defendant further objects to this request to the extent that it seeks information which, if produced, would chill or otherwise violate the First Amendment rights of Defendant or anyone with whom he communicated. Defendant also objects to the extent that any responsive documents are already in CFPB's possession, custody, or control.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged business documents from 2014-2017 as part of its rolling production.

3. Produce all Communications, including emails, chats, social-media posts, and text messages, referring to characteristics of any geographic areas or neighborhoods.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential non-business documents that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Defendant specifically objects that "referring to characteristics of any geographic areas or neighborhoods" is vague and overbroad. Defendant also objects to this request to the

5

extent that it seeks information which, if produced, would chill or otherwise violate the First Amendment rights of Defendant or anyone with whom he communicated. Defendant also objects to the extent that any responsive documents are already in CFPB's possession, custody, or control.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged business documents from 2014-2017 as part of its rolling production.

4. For the period beginning on July 1, 2018, produce all account statements, including any bank-account statements or credit-card statements, showing money received from Townstone, how any money received from Townstone was used, and where any money received from Townstone is currently stored.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential non-business information that are neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Defendant also objects to the extent that any responsive documents are already in CFPB's possession, custody, or control. Defendant further objects to this request as premature to the extent that it calls for information that is properly the subject of expert discovery. Defendant objects to this request to the extent it is duplicative of Request Nos. 5 and 6.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged documents, pursuant to an appropriate protective order, as part of its rolling production.

5. All Documents, including but not limited to account statements, relating to Your payment of any Townstone expenses or relating to any transfer of funds between Townstone and You since July 1, 2018, including but not limited to Documents relating to the reasons for the payment or transfer and the uses of the transferred funds.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Defendant also objects to the extent that any responsive documents are already in CFPB's possession, custody, or control. Defendant further objects to this request as premature to the extent that it calls for information that is properly the subject of expert discovery. Defendant objects to this request to the extent it is duplicative of Request Nos. 4 and 6.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged documents, pursuant to an appropriate protective order, as part of its rolling production.

**6.** For all accounts and periods identified in the interrogatories served upon You by the Bureau contemporaneously with these requests, produce all account statements.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case. Defendant further objects to this request as overbroad. Defendant objects to this request to the extent it is duplicative of Request Nos. 4 and 5.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged documents, pursuant to an appropriate protective order, as part of its rolling production.

**7.** Produce all financial statements showing Your net worth at any point since July 1, 2018.

**RESPONSE:**

Defendant objects to this request to the extent it seeks personal and confidential information that is neither relevant to any party's claim or defense, nor proportional to the needs

of the case. Defendant further objects to this request as vague, overbroad, and excessively burdensome. Defendant specifically objects that "net worth" and "at any point" is vague. Defendant further objects to this request as premature to the extent that it calls for information that is properly the subject of expert discovery.

Subject to and without waiving any objections, Defendant will produce responsive, non-privileged documents, pursuant to an appropriate protective order, as part of its rolling production.

**8.** Produce all written or recorded statements relating to the Bureau's allegations or any of your claims or defenses.

**RESPONSE:**

Defendant objects to this request to the extent that it seeks information which, if produced, would chill or otherwise violate the First Amendment rights of Defendant or anyone with whom he communicated. Defendant objects to this request to the extent it seeks production of materials protected by the attorney-client privilege and the work-product doctrine. Defendant also objects to the extent that any responsive documents are already in CFPB's possession, custody, or control. Defendant further objects to this request as premature to the extent that it calls for information that is properly the subject of expert discovery.

Subject to and without waiving any objections, and because the requested documents are proportional to the needs of this case, Defendant will produce responsive, non-privileged documents as part of its rolling production.

\* \* \*

DATED: June 10, 2022

    Respectfully submitted,

    */s/ Steven M. Simpson*
    STEVEN M. SIMPSON
    DC Bar No. 462553
    JESSICA L. THOMPSON
    DC Bar No. 1542170
    Pacific Legal Foundation
    3100 Clarendon Blvd., Suite 610
    Arlington, VA, 22201
    Tel: (202) 888-6881
    SSimpson@pacificlegal.org
    JLThompson@pacificlegal.org

    OLIVER DUNFORD
    FL Bar No. 1017991
    Pacific Legal Foundation
    4440 PGA Boulevard Suite 307
    Palm Beach Gardens, FL 33410
    Tel: (916) 503-9060
    ODunford@pacificlegal.org

    Sean P. Burke
    Mattingly Burke Cohen & Biederman LLP
    155 E. Market St., Suite 400
    Indianapolis, IN 46204

    Marx David Sterbcow
    The Sterbcow Law Group LLC
    824 Elmwood Park Boulevard, Suite 205
    New Orleans, LA 70123

    Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I served the foregoing document by electronic mail to the following counsel for CFPB:

BARRY E. REIFERSON, NY Reg. #24343893

Email: barry.reiferson@cfpb.gov

Telephone: (212) 328-7020; Facsimile: (202) 435-5477

MARY OLSON (IL ARDC #6297334)

Email: mary.olson@cfpb.gov


                                               */s/ Steven M. Simpson*
                                               STEVEN M. SIMPSON