

PACIFIC LEGAL
FOUNDATION

October 3, 2022

VIA EMAIL

Jacob A. Schunk
230 S. Dearborn St.
Suite 1590
Chicago, IL 60604

Re: CFPB v. Townstone Financial, Inc., Case No. 20 cv 4176 (N.D. Ill.)

Mr. Schunk:



Jacob A. Schunk
October 3, 2022
Page 2



Mr. Sturner will search for business related texts and emails that are responsive to your requests. However, Mr. Sturner will not search his devices for personal text messages unrelated to the CFPB's case. First, Mr. Sturner's personal text messages are irrelevant to CFPB's claims, because communications with friends and family can have no bearing on whether Townstone's public statements on a radio show "would discourage" "prospective applicants" from seeking credit.

Second, Courts routinely enforce broad privacy protections for personal information on cell phones. *See*, *e.g.*, *Riley v. California*, 573 U.S. 373, 403 (2014); *A.M Castle & Co. v. Byrne*, 123 F.Supp.3d 895, 900 01 (S.D. Tex. 2015) (Courts must be cautious "where the request is overly broad and where the connection between the party's claims and the [electronic device] is vague and unproven."); *Henson v. Turn, Inc*. 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018) ("[P]roportionality is not limited to such financial considerations. Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices.").

Finally, non business related text messages presumptively fall outside the scope of discovery. *Matter of Skansak USA Civ. Se. Inc*., 2021 WL 4953239, at *5 (N.D. Fla. Aug. 5, 2021) (party turns over messages where "there is evidence Hill sent or received work related text messages" on the phone); *id*. at *4 ("that obligation, however, does not extend to requiring [parties] to extract and review all the cell phone data on [parties'] cell phone. Instead, [. . .] courts have only required [parties] to search and produce the responsive information"); *Paisley Park Enter*., *Inc. v. Boxill*, 330 F.R.D. 226, 234 (D. Minn. 2019) (texts relevant where phone is used "to conduct business" and "when the record clearly shows" that the phones were used "for work purposes.").



Jacob A. Schunk
October 3, 2022
Page 3



Jacob A. Schunk
October 3, 2022
Page 4



Sincerely,

*s/ Steve Simpson*
Steve Simpson
Senior Attorney*

Cc:     Gregory Jones, gregory.jones@cfpb.gov
        Mary Olson, mary.olson@cfpb.gov