IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, ) ) ) Plaintiff, ) ) v. ) ) ) TOWNSTONE FINANCIAL, INC. AND ) BARRY STURNER, ) ) Defendants. ) | Case No. 1:20-cv-04176<br><br>Judge Franklin U. Valderrama<br>Magistrate Judge Gabriel A. Fuentes |

**JOINT STATUS REPORT
AND REQUEST FOR STATUS CONFERENCE**

In compliance with the Court's September 6, 2024, Order, Dkt. No. 123, Plaintiff Consumer Financial Protection Bureau (Bureau or CFPB) and Defendants Townstone Financial and Barry Sturner (collectively, Defendants), by and through their counsel, respectfully submit this joint status report and request a status conference. The parties believe that a status conference would aid the Court and the parties in deciding the best course of action in the case going forward. Toward that end, they first describe the status of the case on February 3, 2023, when the Court granted Defendants' motion to dismiss, Dkt. No. 110, and what discovery remains outstanding. Then each party describes their position on next steps.

**Status of Discovery**

1. When this Court ruled on the motion to dismiss on February 3, 2023, the discovery schedule, *see* Dkt. No. 103, was as follows:

    February 23, 2023: fact discovery cutoff;

    March 24, 2023: Rule 26(a)(2) expert reports due to be served by CFPB;

> April 28, 2023: Rule 26(a)(2) expert reports due to be served by Defendants;
>
> May 26, 2023: CFPB expert depositions to be completed; and
>
> June 30, 2023: Defendants' expert depositions to be completed and all discovery closed.

2. The Bureau received responses to its initial sets of requests for production and conducted six depositions. Defendants received responses to their initial sets of requests for production. The parties still have some disputes concerning these requests and responses and must confirm whether all documents or information concerning requests not in dispute have been produced.

3. Defendants served supplemental sets of interrogatories and requests for production and requests for admission on January 6, 2023, and a second supplemental set of discovery requests and a second set of requests for admission on January 23, 2023. The Bureau had not yet responded to these requests when the Court issued its February 3, 2023, Order. As a result of that Order, the parties consider the requests mooted. Defendants anticipate renewing the discovery requests and requests for admission.

4. The Bureau proposed stipulations regarding certain pieces of data and facts. The specific stipulations were not yet agreed upon, but the parties intend to revisit the proposals.

5. The Bureau scheduled four further depositions, including a Rule 30(b)(6) deposition of Townstone, before the close of fact discovery, and Defendants

anticipate serving notice of one Rule 30(b)(6) deposition on the Bureau and possibly additional depositions of fact witnesses.

6. The parties anticipate needing four additional months to complete fact discovery. The parties anticipate that they will have disagreements concerning some of the remaining discovery, but, as they have done so far in this case, they will work diligently to resolve those disputes before making any motions to the Court.

7. On December 27, 2022, Defendants filed Rule 72(a) Objections to Magistrate Judge Fuentes' denial of their Motion to Compel, Dkt. No. 105, which was fully briefed as of January 18, 2023, but not yet ruled upon. The parties would appreciate guidance from the Court concerning the best approach to the Objections going forward, as that dispute remains live and nothing about the appeal changed the parties' positions regarding that dispute.

**Defendants' Proposed Approach Concerning Case Scheduling**

8. Defendants intend to file a motion for summary judgment as soon as practicable concerning their First Amendment defenses, among others. Because some additional discovery is likely relevant to such a motion, Defendants propose that the Court establish a schedule (1) allowing the parties to complete fact discovery, (2) setting a briefing schedule for the summary judgment motion, and (3) staying expert discovery pending the outcome of Defendants' motion for summary judgment. Defendants' First

>
> Amendment defenses are potentially dispositive, so if the Court rules in favor of Defendants on any First Amendment defenses, the case will be dismissed. Because the First Amendment issues in the case are serious, and because Defendants claim that the Bureau's case is chilling Defendants' speech (and could have a broader chilling effect on others) (*see, e.g.*, Dkt. Nos. 32, 100, 100-1), Defendants believe that the Court should address Defendants' motion for summary judgment before allowing expert discovery to proceed. Unlike the previous motion to stay discovery, this request is based upon threshold First Amendment issues and focuses only on expert discovery. *Cf.* Dkt. No. 104. Hiring experts and conducting expert discovery will be extremely expensive and time consuming for both parties, and that time and expense will only contribute to the chilling effect that this case has already had on Defendants' free speech. Defendants are prepared to brief the reasons a stay of discovery is appropriate when First Amendment rights are at stake; alternatively, Defendants could address this issue in a status conference. If the Court is amenable to this approach, Defendants can work with the Bureau to devise a schedule for remaining discovery and briefing that is agreeable to both parties and the Court.

**Plaintiff's Proposed Approach Concerning Case Scheduling**

> 9. The Court's most recent scheduling order, Dkt. No. 103, directing all discovery be completed by June 30, 2023, also denied Defendants' prior motion to stay discovery pending a ruling on their motion to dismiss, Dkt.

No. 77, holding instead that discovery should proceed and that the schedule was "firm." The Bureau sees no reason to depart from that prior order or to revisit the Court's decision denying Defendants' motion to stay discovery, especially considering that the recent appellate court decision extinguished one of the two primary grounds for Defendants' motion to dismiss. Accordingly, while the Bureau agrees with Defendants that four months is an appropriate duration for the parties to complete fact discovery, meaning fact discovery would close on about January 20, 2025, the Bureau requests that the Court enter an order directing that expert discovery proceed on a similar schedule to what the Court ordered before the case was dismissed, with the Bureau's expert reports due about one month after the close of fact discovery (February 19, 2025), Defendants' expert reports due about one month after that (March 19, 2025); and expert depositions taken no later than two months after the due date for Defendants' reports (May 19, 2025).

**Request for Status Conference**

10. Despite their differences concerning whether expert discovery should be stayed, the parties agree that a status conference with the Court would be appropriate to discuss next steps, establish the procedure for how to address the Objections to the Magistrate's ruling on Defendants' motion to compel, and identify a mechanism for devising a schedule that reflects the Court's input.

11. Accordingly, the parties respectfully submit this joint status report and ask that the Court grant the request for a status conference.

Dated: September 19, 2024.

Respectfully submitted,

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU** | **TOWNSTONE FINANCIAL, INC. & BARRY STURNER** |
| */s/ Jacob A. Schunk* <br> JACOB A. SCHUNK (IA AT001908) <br>  jacob.schunk@cfpb.gov <br> Tele: (202) 718-0394 <br> GREGORY W. JONES <br>  (IL ARDC #6313157) <br>  gregory.jones@cfpb.gov <br> MARY OLSON (IL ARDC # 629733) <br>  mary.olson@cfpb.gov <br><br>         230 S. Dearborn St. <br>         Suite 1590 <br>         Chicago, IL 60604 <br><br>         and <br><br>         1700 G Street NW <br>         Washington, DC 20552 <br><br> *Attorneys for Plaintiff* | */s/ Steven M. Simpson* <br> STEVEN M. SIMPSON <br>  DC Bar No. 462553 <br> ASHLEY TORKELSON LEVINE <br>  AZ Bar No. 032544 <br> Pacific Legal Foundation <br> 3100 Clarendon Blvd., Suite 1000 <br> Arlington, VA, 22201 <br> Tel: (202) 888-6881 <br> SSimpson@pacificlegal.org <br> ALevine@pacificlegal.org <br><br> OLIVER J. DUNFORD <br>  FL Bar No. 017991 <br> Pacific Legal Foundation <br> 4440 PGA Boulevard, Suite 307 <br> Palm Beach Gardens, FL 33410 <br> Tel: (916) 503-9060 <br> ODunford@pacificlegal.org <br><br> SEAN P. BURKE <br> Mattingly Burke Cohen & Biederman LLP <br> 155 E. Market St. Suite 400 <br> Indianapolis, IN 46204 <br><br> MARX DAVID STERBCOW <br> The Sterbcow Law Group LLC <br> 824 Elmwood Park Blvd., Suite 205 <br> New Orleans, LA 70123 <br><br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on September 19, 2024, I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will cause a copy to be served upon counsel of record.

*/s/ Steven M. Simpson*
STEVEN M. SIMPSON
