# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Bureau of Consumer Financial Protection, | Case No. 1:20-cv-04176 |
| Plaintiff, | |
| v. | Judge Franklin V. Valderrama<br>Magistrate Judge Heather K. McShain |
| Townstone Financial, Inc., | |
| Defendant. | |

## STIPULATED FINAL JUDGMENT AND ORDER

The Bureau of Consumer Financial Protection (Bureau) commenced this civil action against Townstone Financial, Inc. (Townstone) on July 15, 2020, to obtain injunctive and monetary relief and civil penalties. The November 25, 2020 Amended Complaint alleges that Townstone violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f, Regulation B, 12 C.F.R. § 1002.4(b), and the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A), in connection with Townstone's offering or provision of Mortgage Loans.

The Bureau and Townstone agree to entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Amended Complaint.

## FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Townstone neither admits nor denies the allegations in the Amended Complaint, except as specified in this Order. For purposes of this Order, Townstone admits the facts necessary to establish the Court's jurisdiction over it and over the subject matter of this action.

3. Townstone waives all rights to seek judicial review, or otherwise challenge or contest the validity of, this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear their own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

## DEFINITIONS

5. The following definitions apply to this Order:

    a. "Board" means Townstone's duly-elected and acting Board of Directors.

    b. "Consumer Financial Product or Service" is synonymous in meaning and equal in scope to the definition of the term, as of the Effective Date, in section 1002(5) of the CFPA, 12 U.S.C. § 5481(5), and,

subject to applicable restrictions contained in the CFPA, includes but is not limited to:

    i. extending credit and servicing loans, including acquiring, purchasing, selling, brokering, or other extensions of credit (other than solely extending commercial credit to a person who originates consumer credit transactions).

c. "Effective Date" is the date on which the Order is entered by the Court.

d. "Enforcement Director" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or their delegee.

e. "Mortgage Loan" means a loan secured by residential real property or a home improvement loan, 12 U.S.C. § 2802(2).

f. "Related Consumer Action" means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Townstone based on substantially the same facts as described in the Amended Complaint.

g. "Townstone" means Townstone Financial, Inc. and its successors and assigns.

## CONDUCT PROVISIONS

### I.

**IT IS ORDERED that:**

6. Townstone and its officers, agents, servants, and employees, and all other persons in active concert or participation with it who receive actual notice of this Order, whether acting directly or indirectly, may not engage in any acts or practices that violate ECOA, 15 U.S.C. § 1690 et seq., in connection with offering or providing Mortgage Loans.

7. Within 60 days of the Effective Date, Townstone must take the following affirmative actions:

   a. Maintain a compliance management system that is consistent with guidance provided in the Bureau's Supervision and Examination Manual and is reasonably designed to ensure Townstone's operations comply with ECOA;

   b. Create, implement, and maintain policies and procedures to test Townstone's compliance with the ECOA; and

   c. Require ongoing education and training in applicable federal consumer protection laws and the terms of this Order for all appropriate employees, with training tailored to individual job duties and other roles within the company.

## II.
## Role of the Board and Executives

8. Townstone's Board has the ultimate responsibility for ensuring that Townstone complies with this Order.

9. Townstone's Board and Chief Executive Officer must:

   a. Authorize whatever actions are necessary for Townstone to assess whether Townstone is complying with each paragraph and subparagraph of this Order; and

   b. Authorize whatever actions, including corrective actions, are necessary for Townstone to fully comply with each paragraph and subparagraph of this Order.

## MONETARY PROVISIONS
## III.
## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED that:**

10. Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Amended Complaint, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Townstone must pay a total civil money penalty of $105,000 to the Bureau.

11. Within 30 days of the Effective Date, Townstone must pay the civil money penalty by wire transfer to the Bureau or the Bureau's agent in

compliance with the Bureau's wiring instructions.

12. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

13. Townstone must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Townstone may not:

  a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any amount of the civil money penalty paid under this Order; or

  b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order. This paragraph will not prevent Townstone from receiving capital contributions from its President and Chief Executive, Barry Sturner, to enable Townstone to pay the civil money penalty to the Bureau under the terms of this Order.

14. In the event of any default on Townstone's obligation to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will

6

accrue on any outstanding amounts not paid from the Effective Date to the date of payment, and will immediately become due and payable.

15. Townstone relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Townstone.

16. The facts alleged in the Amended Complaint will be taken as true and be given collateral estoppel effect, without further proof, in any subsequent action by the Bureau to enforce the Order or its rights to any payment or monetary judgment under the Order.

17. Townstone acknowledges that its taxpayer-identification number, which Townstone previously submitted to the Bureau, may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

18. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Townstone must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Townstone paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

19. To preserve the deterrent effect of the civil money penalty in any

Related Consumer Action, Townstone may not argue that Townstone is entitled to, nor may Townstone benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Townstone based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Townstone must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## COMPLIANCE PROVISIONS
### IV.
### Reporting Requirements

**IT IS FURTHER ORDERED that:**

20. Townstone must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary,

parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Townstone; or a change in Townstone's name or address. Townstone must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

21. Within 7 days of the Effective Date, Townstone must:

    a. designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Townstone; and

    b. identify all businesses engaged in the provision of Consumer Financial Products or Services for which Townstone is the majority owner, or that Townstone directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and internet addresses, and describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

22. Townstone must report any change in the information required to be submitted under Paragraph 21 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

9

V.

**Order Distribution and Acknowledgment**

**IT IS FURTHER ORDERED** that:

23. Within 7 days of the Effective Date, Townstone must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

24. Within 30 days of the Effective Date, Townstone must deliver a copy of this Order to each of its board members and executive officers.

25. Townstone must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section IV, Reporting Requirements, and any future board members and executive officers, before they assume their responsibilities.

26. Townstone must secure a signed and dated statement acknowledging receipt of a copy of this Order, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

27. Ninety days from the Effective Date, Townstone must submit to the Bureau a list of all persons and their titles to whom this Order has been delivered under the Section of this Order titled "Order Distribution and Acknowledgment" and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 26.

## VI.

## Recordkeeping

**IT IS FURTHER ORDERED that:**

28. Townstone must maintain or create the following business records: All documents and records necessary to demonstrate full compliance with each provision of this Order.

29. All documents and records must be maintained in their original electronic format. Data should be centralized, and maintained in such a way that access, retrieval, auditing and production are not hindered.

30. Townstone must make the documents identified in Paragraph 28 available to the Bureau upon the Bureau's request.

## VII.

## Notices

**IT IS FURTHER ORDERED that:**

31. Unless otherwise directed in writing by the Bureau, Townstone must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, *CFPB v. Townstone Financial, Inc.*, Case No. 1:20-cv-04176, and send them by email to Enforcement_Compliance@cfpb.gov:

    ATTN: Enforcement Director
    Bureau of Consumer Financial Protection
    Office of Enforcement

11

## VIII.

## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

32. Within 14 days of receipt of a written information request from the Bureau, Townstone must submit the requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

33. For purposes of this Section, the Bureau may communicate directly with Townstone, unless Townstone retains counsel related to these communications.

34. Townstone must permit Bureau representatives to interview any employee or other person affiliated with Townstone who has agreed to such an interview regarding: (a) this matter or (b) compliance with the Order. The person interviewed may have counsel present.

35. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

## IX.

## Administration

36. The requirements of this Order will remain in effect for five years.

37. Should Townstone seek to transfer or assign all or part of its operations that are subject to this Order, Townstone must, as a condition of the transfer or assignment, obtain the written agreement of the transferee or assignee to comply

with all applicable provisions of this Order. Nothing in this Order will be construed to prevent Townstone from dissolving or ceasing its operations.

## X.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED that:**

38. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order. All pending motions are hereby denied as moot.

**IT IS SO ORDERED**

DATED this _____ day of _____ 2024.

_____
**Hon. Franklin V. Valderrama**
**UNITED STATES DISTRICT JUDGE**